YAZOO & MISSISSIPPI VALLEY RAILROAD COMPANY *v.* LOUISA EAKIN.

1. RAILROADS. *Crossings. Frightening Horses. Negligence. Contributory Negligence.*

   A person is guilty of contributory negligence who drives his horse and buggy along a narrow road, with deep ditches on its sides, passing under a railroad trestle, to within thirty yards of the trestle, without stopping, looking, or listening, and cannot recover of the railroad company for injuries received from the horse becoming frightened at the operation of a pile driver doing necessary repairs to the trestle, unless the company's employes knowingly or intentionally did something, or refrained from some duty, which caused the injury.

2. SAME. *Duty of traveler on highway. Presumptions.*

   The law presumes, and railway employes may assume, that travelers on highways, crossings over or under a railroad track, in approaching the railroad, will use reasonable precautions to prevent injuries from the fright of their animals.

FROM the circuit court of Franklin county.

HON. JEFFERSON TRULY, Judge.

Mrs. Eakin, appellee, was plaintiff in the court below; the railroad company was defendant there. The plaintiff recovered judgment in the court below for $2,500, and defendant appealed to the supreme court. The opinion of the court fully states the facts.

*L. Brame, Mayes & Harris,* and *J. M. Dickinson,* for appellant.

The plaintiff was clearly guilty of contributory negligence; in fact, her declaration would have been demurrable on this ground, but for its averment that appellant's employees knowingly and intentionally frightened plaintiff's horse, and thereby caused her injury. This being the state of the case, the

court below refused to instruct the jury, at appellant's request, to the effect that, if the appellee was guilty of negligence which contributed to her injuries, then she could not recover, unless the appellant's employees knowingly or intentionally did something, or refrained from some duty, which caused the injuries. The court below modified the instruction asked by interlining the words "or negligently" after the word "intentionally," so as to authorize a recovery by plaintiff for mere negligence of the defendant, although plaintiff was guilty of contributory negligence. This was manifest error. *Brown* v. *Railroad Co.*, 77 Miss., 338. It was reversible error. *Solomon* v. *Compress Co.*, 69 Miss., 319.

*H. Cassedy,* for appellee.

The most serious contention in this case relates to the modification of the fifth instruction for the defendant. I quote it in full, the added words "or negligently" appearing in italics:

"If the jury believe, from the evidence, that the employees in charge of the engine and cars and pile-driver did not knowingly and intentionally, *or negligently,* do anything, or refrain from doing any duty, whereby the horse plaintiff was driving was frightened and she was injured, and that her own negligence, or want of reasonable care, contributed directly to her injury (if she was injured at the time and place stated in the declaration), the jury should find for the defendant."

1. The instruction was erroneous as asked. It made the defendant's liability depend upon an act knowingly and intentionally done, when, if it had been done knowingly, the defendant would have been liable, or, if it had been done intentionally, the defendant would have been liable. It made the defendant's liability depend upon the intentional act of the servants alone, and that after knowledge by them of the situation.

2. It made the defendant's liability depend upon the intentional doing of some act, or the intentional refraining from

doing some duty by its servants whereby the horse was frightened in the first instance.

3. It placed the burden on the plaintiff of showing the state of mind of these employees, a burden which the law does not require her to bear.

In *Railway Co. v. Suddoth*, 70 Miss., 265, this court said: "One who has asked an erroneous instruction cannot assign for error its modification, for, if not content with it as modified, he should have declined to read it to the jury."

The defendant received in this instruction, even with the modification, more than it was entitled to, and the modification was correct; the court could have changed the conjunctive "and" to the disjunctive "or" without committing an error, so that the instruction would have read "knowingly, or intentionally, or negligently."

*J. McC. Martin,* on same side.

The modification of defendant's fifth instruction really put the instruction more favorably for appellant. If a person does a wrong, or inflicts an injury upon another "knowingly" or "intentionally," he must, by necessity, have done it negligently. However, if appellant's agents or employees negligently did anything, or refrained from any duty, whereby the horse plaintiff was driving was frightened, and she was injured, then, undoubtedly, the appellant is liable. The succeeding part of the instruction covers the question of contributory negligence.

Argued orally by *L. Brame,* for appellant.

CALHOON, J., delivered the opinion of the court.

Going into the town of Fayette, the highway passes under a railroad trestle. The posts which sustain this trestle were becoming decayed, and needed replacement, and so the railroad company had an engine and pile-driver and appliances to replace them. The necessity of this for the purposes

of commerce and passenger transport is quite apparent. It is also apparent, on reason and authority, that, in the prosecution of this work of public necessity, the company, through its employees, is held by law to ordinary care, and no more, to prevent frightening the draft animals of highway travel; and this care, and no more, is required of travelers guiding such draft animals. The utmost that ought to be, or which can be lawfully required, is to suspend the operation of such ponderous machinery, where it is possible to do so at the moment, where the fright of a draft animal is observed by the operatives. They may well assume, as the law assumes, that travelers, in approaching such a trestle, will use reasonable precautions to prevent disaster from the fright of their animals. Where their road goes over a railway or under its trestle, they should exercise ordinary prudence to ascertain whether trains are moving. This is a requirement for safety at all times on approaching crossings, and especially so where sight or hearing is obstructed. A failure in this is contributory negligence, and forfeits the right to recover, even though there was negligence in the railroad company in not sounding an alarm. This failure characterized the action of defendant, even according to her own statement. She was driving a horse whose actions corroborated testimony adduced to the effect that it was unsafe. She did not stop, or look, or listen. She says she drove to within thirty yards of the trestle, when an engine suddenly moved on the trestle and instantly commenced the operation of its pile-driver, hammering on the piles (ordinarily impossible, by the way), and that the hammering frightened the horse. This drive by her was on a narrow road, with deep ditches on its sides. A clearer case of contributory negligence could not be presented. Under this state of facts, and the principles of law hereinbefore stated being too well settled in this state to admit of discussion, the plaintiff, of course, had no case, unless she could show reckless, willful, or malicious conduct on the part of defendant; and without such showing, no doubt, the

court would not have permitted the verdict to stand. So she undertook to make this showing by evidence (sharply controverted, and by disinterested witnesses) that when the pile-driver was put at work her horse exhibited alarm, and she called to the operatives to stop, and they did not, but simply laughed at her. In this condition of the case, after both sides rested, the defendant took the position (and a proper position) that if plaintiff's "own negligence, or want of reasonable care, contributed directly to her injury, if she was injured," she could not recover, unless it was shown that the disaster occurred because the company's employees "knowingly or intentionally" did something or refrained from some duty in the premises. This principle was invoked in the fifth charge asked by defendant—refused as asked, but given with the interpolation of the words "or negligently." The objection and exception to this modification must be sustained, because it closed the door to the defense, based on plaintiff's contributory negligence, even though the jury might believe there was no knowledge of her danger in the operatives, and no intentional neglect of duty on their part. In effect, it barred the defendant from all benefit of the doctrine of contributory negligence in any state of the evidence. We cannot concur with counsel in thinking that this error is cured by other instructions. In this connection it should be said that plaintiff is seriously contradicted in every material part of her case by witnesses. She is contradicted as to distances, as to whether she was, in fact, hurt at all, as to her condition before and after the accident, and as to whether it was not caused by the breaking of a rein, and as to her movements immediately after her buggy was upset. All this emphasizes the importance of particularity in instructions, to give each side the benefit of its own theory upon the testimony.

*Reversed and remanded.*